**UNPUBLISHED**

```
UNITED STATES COURT OF APPEALS
    FOR THE FOURTH CIRCUIT
```

No. 14-4560

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARK SHANNON MANUEL,

        Defendant – Appellant.


No. 14-4561

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES CHAPPELL DEW,

        Defendant - Appellant.


Appeals from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge. (3:13-cr-00479-CMC-2; 3:13-cr-00479-CMC-3)


Submitted:  August 31, 2015          Decided:  September 16, 2015


Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

―――――――――

Mark Shannon Manuel, James Chappell Dew, Appellants Pro Se. Tommie DeWayne Pearson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Mark S. Manuel and James C. Dew were convicted by a jury of eight counts of mail fraud, in violation of 18 U.S.C. §§ 2, 1341 (2012), and were each sentenced to 120 months in prison. Defendants raise several arguments on appeal, including challenges to the district court's decision to admit certain evidence against Defendants; the district court's interruption during the Government's direct examination of one of its witnesses; and the district court's failure to dismiss the mail fraud charges against them after it granted Defendants' motion to dismiss a charge of uttering counterfeit government obligations, in violation of 18 U.S.C. § 514 (2012). We have reviewed the record and have considered Defendants' arguments and find no reversible error by the district court.

For instance, we discern no reversible error in the district court's interruption of the Government's examination of one of its witnesses. Under Fed. R. Evid. 611, trial courts have the authority to organize the mode and order of witnesses in order to make effective procedures for determining the truth. Moreover, trial judges have the right, and often the obligation, to "interrupt the presentations of counsel in order to clarify misunderstandings." United States v. Smith, 452 F.3d 323, 332 (4th Cir. 2006) (citation and quotation marks omitted). Thus, we find that it was not an abuse of discretion for the district

court to ask clarifying questions and allow the witness to return to the stand to clarify his testimony. See United States v. Cassiagnol, 420 F.2d 868, 877 (4th Cir. 1970) (finding no reversible error where the "obvious purpose of the [trial court's] questioning was to clear up a confusing factual situation and the triers of fact (the jury in Cassiagnol's case . . .) were entitled to information necessary to a correct determination of the facts[,]" and holding that "where the evidence is in conflict it is proper for a judge to ask questions designed to bring before the jury the facts and circumstances pertinent to the alleged offense").

We also discern no reversible error in the district court's jury instructions. In particular, although Defendants did not request that the jury be instructed regarding the dismissal of one of the counts with which they were charged, such an instruction was not legally supported. In particular, the counts of which Defendants were convicted required that the Government prove, beyond a reasonable doubt, that Defendants: "(1) devised or intended to devise a scheme to defraud and (2) used the mail or wire communications in furtherance of the scheme." United States v. Wynn, 684 F.3d 473, 477 (4th Cir. 2012).

In contrast, the dismissed charge, which charged Defendants with uttering counterfeit government obligations, required that

4

the Government prove, beyond a reasonable doubt, that Defendants: (1) with intent to defraud; (2) passed uttered, presented, offered, brokered, issued, sold, or attempted or caused the same, or with like intent possessed within the United States; (3) a false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice to be an actual security or other financial instrument issued under the authority of the United States. <u>See</u> 18 U.S.C. § 514 (2012). As separate and distinct elements were required to prove the counts, there was no need for the trial court to instruct the jury about the dismissed count.

    We have reviewed Defendants' arguments in their entirety and find them to be meritless. Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>