IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 3:13-cr-479-CMC |
| vs. | **OPINION AND ORDER** |
| Mark Shannon Manuel,<br>Defendant. | |

This matter is before the court on Defendant's *pro se* motion for relief under 28 U.S.C. § 2255. ECF No. 479. Defendant contends he received ineffective assistance of counsel in that his trial counsel failed to call witnesses requested, failed to present evidence, failed to withdraw due to conflict, and failed to "present necessary law to the judge." *Id.* The court directed Defendant to notify the court of his election regarding waiver of attorney/client privilege. ECF No. 483. Defendant elected to waive the privilege, limited to the § 2255 motion proceedings only. ECF No. 485. The Government then filed a motion for summary judgment and included an affidavit by Defendant's trial counsel[1] in support. ECF No. 489. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. ECF No. 490. Defendant filed two replies to former counsel's affidavit as well as his response in opposition to the Government's motion for summary judgment. ECF Nos. 488, 496, 500. This matter is ripe for resolution.

---

[1] Counsel was relieved by the court at Defendant's request after he was found guilty by a jury but prior to sentencing. ECF No. 277. Defendant proceeded *pro se* at sentencing.

## BACKGROUND

On June 4, 2013, Defendant and others were indicted on eight counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 2. ECF No. 2. Defendant and his co-defendants were charged with making multiple mailings in furtherance of a fraudulent "debt elimination system." Customers allegedly paid fees associated with this debt elimination system, which Defendant and his co-defendants then used for their own personal expenses. In December 2013, the defendants were charged in a Superseding Indictment, which added an additional count of passing fictitious financial instruments, in violation of 18 U.S.C. § 514. ECF No. 134.

Three Defendants proceeded to trial, and were found guilty on eight counts of mail fraud. ECF No. 220. The court dismissed count 10, passing fictitious financial instruments. ECF No. 212. After trial, Defendant indicated he wished to represent himself at sentencing and waived his right to counsel for the remainder of the proceedings. ECF No. 277. Counsel was relieved, and Defendant proceeded *pro se* at sentencing. Defendant was advised to submit any objections to his PreSentence Report ("PSR") by June 4, 2014. ECF No. 288. The court received a package from Defendant including the PSR and attachments provided to Defendant by the Probation Officer, now stamped on both sides with red and brown stamps containing nonsensical language. ECF No. 291. These packages were reviewed but did not contain information that could be considered an objection to the PSR. *See* ECF No. 292. Therefore, it was determined Defendant did not submit any objections to the PSR. *Id.*

At sentencing on July 15, 2014, the court overruled Defendant's oral objections to the PSR but departed downward from the guideline range by four levels. ECF No. 312. Defendant was sentenced to 120 months imprisonment. ECF No. 329.

Defendant appealed his conviction, presenting seven issues centered on admission of evidence and witness issues. *United States v. Dew*, No. 14-4560 (4th Cir. 2014). On September 16, 2015, the Fourth Circuit issued an opinion affirming the district court's judgments. No. 14-4560 at Doc. No. 34.

## STANDARDS

As to claims regarding ineffective assistance of counsel, the standard is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id.* As to the first prong of the Strickland test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id.* at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *see also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

Under the second prong of the *Strickland* test, Defendant must establish that he experienced prejudice as a result of counsel's ineffectiveness, meaning that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

3

been different." *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (internal quotation marks and citation omitted). A defendant must affirmatively prove prejudice that is "so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. Because "[t]he defendant bears the burden of proving *Strickland* prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697).

Counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. However, *Strickland* does not require counsel to investigate every conceivable line of mitigating evidence, and "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* at 690-91; *see also Buckner v. Polk*, 453 F.3d 195, 201 (4th Cir. 2006) (explaining that counsel's conduct is generally presumed to be a reasonable strategic choice). The Fourth Circuit has held that "an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence . . . would have been produced." *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996).

## DISCUSSION

Defendant alleges ineffective assistance of trial counsel, specifically alleging defense counsel failed to: "call key witnesses provided by petitioner," present certified documents in

4

rebuttal of the Government's evidence, make the court aware Defendant had no association with Eden Gifted Properties, disclose a conflict where the attorney had represented an adverse party in another case against Defendant, and "present necessary law."  ECF No. 479.

The Government, in its response in opposition, argues Defendant's motion is untimely, as it was filed over two years past the deadline, and Defendant did not establish the statute of limitations should be tolled.  ECF No. 463.  Further, the Government argues, the §2255 motion should be dismissed on the merits because counsel was not ineffective and Defendant cannot show prejudice.  *Id.*

Defendant filed two responses to his attorney's affidavit.  ECF Nos. 488, 496.  The substance of the filings is essentially identical, but Defendant attaches documents in support of his second filing.  Defendant argues his attorney has no "present memory concerning this case," and he "wasn't able to refresh his memory even after looking over his notes."  ECF No. 488. He contends his attorney spent only six hours with him outside of court proceedings, and argues that even if the attorney did contact some witnesses provided by Defendant, he did not call any at trial. He also asserts a conflict because his attorney represented another entity in a suit against Defendant, and therefore counsel "performed subpar representation . . . to keep a large and profitable client happy."  *Id.* at 2.  Finally, he contends a section of the Uniform Commercial Code ("UCC"), § 3-36-603, would have assisted in his case despite the attorney's opinion that it had no bearing.  *Id.*  Attached to Defendant's second response were affidavits from members of his family

5

regarding his status after an attack at a BOP facility and regarding his attorney's representation. ECF No. 496-1.

Defendant also replied to the Government's motion for summary judgment, including additional affidavits from individuals who were included in the witness list Defendant gave to his attorney during trial preparation. ECF No. 500. These affidavits state the individuals' involvement with Defendant's mortgage clearing activities and note they were not contacted by defense counsel. ECF No. 500-1. Defendant provided no further information or argument regarding timeliness.

   1. *Timeliness*

It is clear Defendant's § 2255 motion is untimely. A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As noted by the Government, Defendant did not bring his § 2255 motion within a year of the judgment of conviction becoming final: Judgment was entered on the record

on July 17, 2014. Defendant appealed, and his appeal was final upon issuance of the mandate from the Fourth Circuit, which occurred on October 8, 2015. ECF No. 438.[2] Defendant did not petition for certiorari.

In his original motion, Defendant acknowledged his § 2255 motion is late, because he was "moved ten (10) times by the B.O.P. from prison to prison and was without access to counsel, law or legal representation or needed utensils to create this motion." ECF No. 479 at 2. However, this does not meet any of the requirements in (f)(2) – (4). Movement between prisons by the BOP is not an impediment created by the Government that kept Defendant from filing his motion, and Defendant filed *pro se*, so a lack of access to counsel did not cause this late filing. Defendant alleges no facts showing (f)(2) or (3) applies. His claims of ineffective assistance of counsel were known to him at the time of his conviction; yet he waited years to make these claims. Therefore, (f)(4) does not apply.

---

[2] Defendant's co-defendant, James Chappell Dew, petitioned for rehearing after the Fourth Circuit affirmed the district court, and then petitioned for certiorari from the Supreme Court. As Dew's appeal had been consolidated with Defendant's, it is possible the appeal was not final until April 18, 2016, when the Supreme Court denied certiorari. However, Defendant did not file his § 2255 motion within a year of this date.

7

The Supreme Court has determined that the time limit for filing habeas corpus petitions "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631 (2010).[3] A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at 650 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003).

Defendant has shown no grounds for equitable tolling. He does not assert any facts to show that he diligently pursued this matter during the relevant time frame, or any extraordinary circumstance that applied to the relevant time period and kept him from timely filing his § 2255 motion. Many prisoners are moved between BOP facilities. Defendant alleges no facts in support of this claim of hardship, such as dates of movement or why he was without needed "utensils" to

---

[3] *Holland* was a case involving whether equitable tolling applied to an untimely petition for relief under 28 U.S.C. § 2254. However, the Supreme Court's holding applies with equal force to motions for relief under § 2255. *See, e.g., United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

8

write his motion before the statute of limitations expired. Therefore, there is no basis to apply equitable tolling, and Defendant's § 2255 motion is untimely.

### 2. *Ineffective Assistance of Counsel*

In the alternative, even if Defendant's motion were timely, it fails on the merits. Defendant alleges ineffectiveness regarding trial strategy: calling witnesses, requesting law be presented to the court, and presenting certain evidence. It is well-settled that counsel is able to make decisions regarding trial strategy, and carry out that strategy. *Faretta v. California*, 422 U.S. 806, 820 (1975) ("It is true that when a defendant chooses to have a lawyer manage and present his case, law and tradition may allocate to the counsel the power to make binding decisions of trial strategy in many areas."). Counsel avers he was provided names of 25 potential witnesses, and he was successfully able to contact 11 of them. Aff., ECF No. 489-2 at 2. He notes his records indicate he requested ex-parte subpoenas for two potential witnesses, and he does not recall Defendant complaining during the representation that counsel failed to contact a potential witness or call for testimony a certain witness. *Id.* at 3.

Further, Defendant fails to offer any proof documents relating to these clients evidenced debts were eliminated as a result of the debt elimination scheme. The proof at trial showed the scheme involved using sovereign citizen tactics by mailing bogus documents to banks, lenders, and other financial institutions claiming debts satisfied based on nonsensical arguments and citations to the Uniform Commercial Code. The documents contained instructions on how to use

non-existent bonds to pay customers' debts. While coincidentally a few debts were satisfied or written off for unrelated reasons during the time frame of the scheme, there was no evidence documents sent by Defendant's company eliminated any debt.[4] Nor has Defendant produced any evidence trial counsel failed to locate such a document or witness. Defendant's belief that a single UCC citation would have proved his innocence is in line with the sovereign citizen type beliefs evidenced during the trial. In addition, the evidence of Defendant's guilt was voluminous and overwhelming. The Government introduced over 600 exhibits, most of which were EGP client files containing numerous frivolous documents sent through the mails in an effort to execute Defendants' fraudulent scheme. Defendant's conviction evidences the jury's rejection of the argument that any mortgage was satisfied by means that could be attributed to Defendants' scheme.

Given the absence of proof of exculpatory evidence, the court cannot say counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, or that Defendant was prejudiced by the strategy decisions employed at trial. Accordingly, the Government is entitled to summary judgment on the grounds related to trial strategy and they are dismissed with prejudice.

---

[4] During trial, counsel for Defendant introduced a letter contained in Government Exhibit 440, arguing the mortgage of Hill-Bray had been satisfied during the time Defendants employed their scheme. *See* Trial Tr. Vol. 5 at 814:12-14, ECF No. 400. However, Defendant provides no evidence that the satisfaction of any mortgage in question *resulted from* the fraudulent blizzard of paper produced by Defendant and his co-Defendants.

Defendant also asserts counsel had a conflict of interest in representing Defendant, which resulted in subpar representation. Defendant argues his attorney, on behalf of Fifth Third Bank, previously sued him in Cabell County, West Virginia. ECF No. 488. The court has reviewed the PACER docket in West Virginia,[5] and notes there is a case where Fifth Third Bank is the plaintiff and Mark Shannon Manuel is a defendant. However, Mr. Louis Lang, Defendant's trial attorney in the instant case, did not represent Fifth Third Bank in that case, and does not appear anywhere on the docket for the West Virginia case. Mr. Lang notes in his affidavit the West Virginia case ended in 2010, and he represented Fifth Third Mortgage Company in a case in state court in South Carolina in 2013-2014, in which Defendant was not a party. The court agrees Mr. Lang's previous representation did not create a conflict requiring him to withdraw as counsel.

## CONCLUSION

For the reasons above, the Government's motion for summary judgment is granted, and Defendant's § 2255 motion is hereby **dismissed with prejudice**.

## CERTIFICATE OF APPEALABILITY

---

[5] This court may take judicial notice of other judicial proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (district court may take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 4, 2019