# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:13-479-CMC |
| v. | |
| Mark Shannon Manuel, | Opinion and Order |
| Defendant. | |

On January 13, 2020, Defendant filed a *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release based on multiple medical conditions. ECF No. 504. He filed a memorandum in support on January 27, 2020, attaching some medical records and the warden's responses to his requests for compassionate release. ECF No. 507. On February 10, 2020, the Government filed a response in opposition to compassionate release, arguing Defendant "does not present circumstances justifying such extraordinary relief." ECF No. 509. Defendant filed a response. ECF No. 510.

Section 3582(c)(1)(A)(i) reads in relevant part, after being amended by the First Step Act,

> (1) in any case --- (A) the court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the defendant has fully exhausted
> all administrative rights to appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days from the receipt of such
> a request by the warden of the defendant's facility, whichever is earlier, may
> reduce the term of imprisonment (and may impose a term of probation or
> supervised release with or without conditions that does not exceed the unserved
> portion of the original term of imprisonment), after considering the factors set
> forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i)      extraordinary and compelling reasons warrant such a reduction....
> and that such a reduction is consistent with applicable policy statements issued
> by the Sentencing Commission.

Pub. L No. 115-391, 132 Stat. 5194, § 603(b) (Dec. 21, 2018). This provision gives the court authority reduce the term of imprisonment on motion of the defendant in two circumstances: 1)

after a defendant has fully exhausted his administrative rights to appeal a failure by the BOP to bring such a motion on his behalf, or 2) after the lapse of 30 days from receipt of a request by the warden, whichever is earlier. In either case, the court may reduce the term of imprisonment if, after considering the § 3553(a) factors to the extent applicable, it finds that "extraordinary and compelling reasons" warrant a reduction.

The applicable policy statement from the Sentencing Commission notes extraordinary and compelling reasons exist if, among other reasons, defendant is suffering from a terminal illness; or is suffering from a serious physical or medical condition, functional or cognitive impairment; or experiencing deteriorating physical or mental health because of the aging process that substantially diminishes his ability to provide self-care. *See* § 1B1.13. This policy statement has not been amended since the passage of the First Step Act. Nevertheless, it provides helpful guidance even though "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction." *United States v. Beck*, 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019).

The court has discretion whether to impose a reduced sentence even if extraordinary and compelling circumstances are found. § 3582(c)(1)(A) (noting the court "may" reduce the term of imprisonment); *see United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *5 (E.D. Va. Feb. 10, 2020) ("By using the word 'may,' Congress gave courts discretion when entertaining a motion to reduce a sentence under § 3582(c)(1)(A)."). If extraordinary and compelling reasons exist, the court must also consider the applicable factors in § 3553(a) when determining whether to grant a reduction. *Id.*

Defendant filed two requests for compassionate release with the warden at the institution in which he is incarcerated. ECF No. 507-1 at 3, 4. Each of these was denied by the warden, who

reviewed Defendant's medical condition, finding he suffers from a chronic cardiac condition but that seizures have been ruled out, and he is able to independently manage his activities of daily living. *Id.* The warden concluded Defendant was not experiencing deteriorating physical health that leaves him completely disabled or capable of limited self-care, and denied both requests. *Id.*[1] The response to the second request noted Defendant's medical condition had not changed since his prior request. *Id.* at 4.

Defendant argues the warden did not take into account his complete medical condition, including recent seizures, confirmed by medical records, contrary to the warden's findings. Defendant did not, however, argue his medical conditions cause difficulty completing activities of daily living or his ability to self-care in a prison setting.

The court will deny Defendant's motion for compassionate release. First, Defendant is not suffering from a terminal illness with an end of life trajectory. Second, Defendant has failed to show he is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within a correctional facility. ECF No. 509 at 7-8. The medical records submitted by Defendant do not support his claim to have suffered seizures, as there was no finding of "acute intercranial abnormality." *Id.* at 7. According to the warden, Defendant is able to independently manage his activities of daily living, is being routinely monitored for his medical conditions, and is not experiencing deteriorating health that leaves him disabled or capable of only limited self-care. ECF No. 507-1 at 3. While Defendant has produced certain medical records and

---

[1] The record does not reflect that Defendant exhausted administrative remedies by appealing the warden's denials. The Government, however, has not argued the motion should be dismissed for failure to meet the exhaustion requirement of § 3582(c)(1)(A). *United States v. Hilton*, CR No. 1:18-324, 2020 WL 836729, at *2 (M.D.N.C. Feb. 20, 2020).

argues the warden's analysis is incomplete, his response to the Government's opposition does not support that he has difficulty with activities of daily living or providing self-care. Neither does his original motion describe any difficulty taking care of himself in a prison environment. ECF No. 504. Although he claims to have suffered medical "crises" because he is housed in a non-medical institution, he has not requested transfer to a medical facility.

Defendant has not met the high threshold of showing extraordinary and compelling reasons exist to justify compassionate release. His diagnoses are not terminal or on an "end of life trajectory." He appears to receive treatment and monitoring for his diagnoses. Defendant has failed to show how his diagnoses affect his activities of daily living or ability to care for himself.

Defendant's motion for a compassionate release based on extraordinary and compelling circumstances is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 26, 2020